**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6809**

ALEXANDER BANNERMAN,

                    Petitioner - Appellant,

          v.

WARDEN J. M. STOUFFER; THE ATTORNEY GENERAL OF THE STATE OF
MARYLAND,

                    Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge.  (1:15-cv-00042-JFM)

Submitted:  August 24, 2017                          Decided:  August 29, 2017

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Alexander Bannerman, Appellant Pro Se.  Edward John Kelley, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Bannerman seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 12, 2017. The notice of appeal was filed on June 13, 2017.[*] Because Bannerman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).